LAW OFFICES
UDALL, SHUMWAY & LYONS, P.L.C.
30 WEST FIRST STREET
MESA, ARIZONA 85201-6695
Telephone: (480)461-5300
Fax: (480)833-9392

Bradley D. Gardner - #011211
bdg@udallshumway.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Richard Horvath, | NO. |
|---|---|
| Plaintiff, | |
| v. | (COMPLAINT) |
| Ford Motor Company, a foreign company and Form Motor Credit Company, LLC, a foreign company, | (JURY TRIAL REQUESTED) |
| Defendants. | |

Plaintiff, Richard Horvath, for his Complaint against Defendants, alleges as follows:

## PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (FCRA), and for the state law claim of negligence. Plaintiff seeks an award of statutory damages, actual damages, punitive damages, costs and attorney's fees against the Defendants.

## JURISDICTION

1. The jurisdiction of this court in conferred by 15 U.S.C. §1681 and 28 U.S.C.§ § 1331 and 1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367. Venue lies in the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## PARTIES

2. Plaintiff is an individual residing in the State of Arizona. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c) of the FCRA.

3. Defendants Ford Motor Company and Ford Motor Credit Company, LLC, are foreign companies doing business in the State of Arizona.

4. Ford Motor Company and Ford Motor Credit Company, LLC are "persons" and a "users" of consumer credit and other financial information, as those terms are defined and contemplated under the FCRA.

## ALLEGATIONS

5. The Plaintiff is an inactive employee of Defendants having been hired on or about February 1, 2000, and having been on permanent paid medical leave since September 2005.

6. At the time of his disability leave, the Plaintiff was a sixty-one (61) year old man with persistent symptoms of day-time sleepiness, extreme fatigue, and pathological sleepiness.

7. At relevant times herein, the Plaintiff made requests for Long Term Disability Benefits from Defendants for disability resulting from this condition.

8. On or about May 2, 2005 through June 15, 2005, the Defendants provided Long Term Disability payments to the Plaintiff totaling $3,000.

9. Upon information and belief, the Defendants provided these disability payments to the Plaintiff with the understanding that he was disabled under the terms and condition of its Disability Policy.

10. During all relevant times herein, the Plaintiff was ready, willing and able to provide information to the Defendants concerning his medical condition and even requested that he be seen by any doctor retained by the Defendants to further access his medical condition and confirm his disability.

11. Upon information and belief, the Defendants performed little or no meaningful investigation concerning his disability.

12. A reasonable investigation conducted by the employer would have revealed that he not only suffered from the aforementioned condition, but was disabled under the terms and conditions of the Defendants' disability policy.

13. Subsequent to the disability payments to the Plaintiff, the Defendants made demand for return of the sums in the amount of $3,000.

14. At all relevant times herein, the Plaintiff refused to reimburse the Defendants and further contested that he was obligated, in any way, to reimburse it for the aforementioned sums.

16. Subsequent to demands being made upon it, the Defendants inappropriately and illegally placed this purported obligation on his credit record with the various credit reporting agencies.

17. This improper reporting of this purported obligation did not become known to the Plaintiff until the Spring, 2009.

18. In the spring, 2009, the Plaintiff attempted to finance a purchase of a home located at 457 South 99th Place, Mesa, Arizona.

19. That the purchase price of this home was $25,000. It was a "fixer upper" home that would have required approximately $5,000 to make it ready for sale on the open market.

20. That once the deficiencies in the home were remedied, upon information and belief, the Plaintiff could have sold the home for approximately $140,000.

21. In the process of purchasing this home, the Plaintiff applied for home loans with FDC, Wells Fargo Bank, Bank of America and American General Finance. In addition to purchasing a home, Plaintiff was going to refinance his home at a lower interest rate.

22. It was at that time that the Plaintiff learned for the first time that the Defendants had placed this information on his credit record. Plaintiff could not qualify for a refinance, and any additional inquiries would reduce Plaintiff's FICA score even further.

23. As a result of this inappropriate information being placed on his credit record, the Plaintiff was unable to finance the home and, as a direct result, lost equity which he would have received through the subsequent sale of the property.

## CAUSES OF ACTION

### COUNT I

24. Plaintiff restates and incorporates herein all previous paragraphs.

25. Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (A) any actual damages sustained by the consumer as a result of the failure and (B) in the case of any successful action to enforce any liability under 15 U.S.C. §1681o, the costs of the action together with reasonable attorney's fees.

26. As a result of Defendants' negligent failure to comply with FCRA, Defendants are liable to the Plaintiff in the amount equal to the sum of (A) any actual damages sustained by Plaintiff as a result of said failure and (B) costs of this action together with reasonable attorney's fees.

### COUNT II

27. Plaintiff restates and incorporates herein all previous paragraph.

28. Pursuant to 15 § U.S.C. 1681n, any person who wilfully fails to comply with any requirement imposed under FCRA with the respect to any consumer is liable to that consumer in the amount equal to the sum of (A) any actual damages sustained by the consumer as a result of failure or damages of not less than $100.00 and not more than $1,000.00; (B) such amount of punitive damages as the court may allow; and (C) in the case of any successful action to enforce any liability under 15 U.S.C. §1681n, the costs of the action together with reasonable attorney's fees.

29. As a result of Defendants' willful failure to comply with FCRA, Defendants are liable to Plaintiff in the amount equal to the sum of (A) any actual damages sustained by the Plaintiff as a result of failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (B) such amount of punitive damages as the court may allow; and (C) the costs of this action together with reasonable attorney's fees.

## COUNT III

30. Plaintiff restates and incorporates herein all previous paragraph.

31. Defendants 'actions alleged above constitute negligence.

32. As a result of Defendants' negligent actions, Defendants are liable to Plaintiff for his actual damages.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

A. Actual damages in an amount to be shown at trial;

B. Statutory damages pursuant to the FCRA;

C. Punitive damages in an amount to be determined at trial;

D. Loss of credit reputation;

E. Costs and reasonable attorney's fees; and

F. Such other relief as may be just and proper.

DATED this 15th day of April, 2009.

UDALL, SHUMWAY & LYONS, PLC

/s/Bradley D. Gardner
Bradley D. Gardner
30 West First Street
Mesa, Arizona 85210
Attorneys for Plaintiff

3401098.1 \ April 2, 2009
107781-00001